UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES DAWAYNE MCDUFFY,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-688-JD-MGG

HYIATT, et al.,

    Defendants.

OPINION AND ORDER

James Dawayne McDuffy, a prisoner without a lawyer, filed a somewhat vague complaint regarding the conditions of a cell where he was assigned on February 2, 2022. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McDuffy alleges that an inmate was brutally stabbed on February 1, 2022. The next day, McDuffy was assigned to the cell where the stabbing had occurred. Prison policy required that the Department of Internal Investigations ("DII") clear the area before it is used again. DII Officer Snow oversees all incidents of violence. The cell was cleared, but it was not cleaned prior to being assigned to McDuffy. It is unclear who

assigned McDuffy to this cell, but McDuffy indicates that Classification Specialist Tolbit oversees the placement of offenders.

McDuffy was ordered to clean the cell by an officer, but he was provided with only a mop stick without a head and a broom head. McDuffy complained to Captain Morgan and Lt. Lucky about the condition of the cell; he was told it would be handled. When McDuffy asked Sgt. Knighlinger for assistance, he was told to use his wash rag. McDuffy developed a MRSA infection on his right leg that he believes was caused by the cell conditions.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

McDuffy named DII Officer Snow as a defendant because he oversees all incidents of violence, and he believes someone from DII cleared the cell for use. McDuffy does not allege that Snow was personally involved in clearing the cell. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, he cannot proceed against Snow.

Similarly, McDuffy named Classification Specialist Tolbit as a defendant because he oversees the placement of offenders. The complaint, however, does not allege that Tolbit assigned McDuffy to the cell or that Tolbit knew the condition of the cell when it was assigned to McDuffy.

McDuffy sued Officer Renner, but he alleges only that Renner knew his unit was on lockdown, that he knew why it was on lockdown, and that he was interviewed after McDuffy filed a grievance about the incident. These allegations do not suggest that

Officer Renner was personally involved in causing McDuffy to be housed in a cell that had not been cleaned following a brutal stabbing.

McDuffy names Warden Hyiatt as a defendant too, but Hyiatt is not mentioned in the body of the complaint.

McDuffy says that he was ordered to clean the cell by an officer who provided only a mop stick without a head and a broom head. It is unclear if this officer is one of the defendants or someone else: McDuffy does not identify that individual or provide any further information.

McDuffy complained to Captain Morgan and Lt. Lucky about the condition of the cell and was told it would be handled. It is unclear when, but sometime later he asked Sgt. Knighlinger for assistance, he was told to use his wash rag. It is unclear how long McDuffy was housed in the cell or how the situation was eventually resolved. Captain Morgan's and Lt. Lucky's comment that it would be handled, without more, does not demonstrate deliberate indifference to McDuffy's circumstances.  Sgt. Knighlinger's suggestion that McDuffy clean the bloody cell with only a washcloth does, however, suggest deliberate indifference to his safety. Accordingly, he will be permitted to proceed against Sgt. Knighlinger.

For these reasons, the court:

(1) GRANTS James Dawayne McDuffy leave to proceed against Sgt. Knighlinger in his individual capacity for compensatory and punitive damages for deliberate indifference to his safety on February 2, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Hyiatt, Officer Snow, Classification Specialist Tolbit, Officer Renner, Lt. Lucky, and Captain Morgan;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Knighlinger at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Knighlinger to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 20, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT