UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES DAWAYNE MCDUFFY,

  Plaintiff,

  v.  CAUSE NO. 3:22-CV-688-JD-JEM

KNIGHLINGER,

  Defendant.

OPINION AND ORDER

James Dawayne McDuffy, a prisoner without a lawyer, is proceeding in this case against Sgt. Lukas Neidlinger "in his individual capacity for compensatory and punitive damages for deliberate indifference to his safety on February 2, 2022, in violation of the Eighth Amendment[.]" ECF 6 at 4. Sgt. Neidlinger moves for summary judgment, arguing McDuffy did not exhaust his administrative remedies before filing suit. ECF 17. McDuffy filed a response, and Sgt. Neidlinger filed a reply. ECF 26, 27, 29, 30. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.*

*Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). Accordingly, "exhaustion is not required when the prison officials responsible for providing

2

grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

In his summary judgment motion, Sgt. Neidlinger argues McDuffy did not exhaust his administrative remedies because he submitted a grievance complaining Sgt. Neidlinger was deliberately indifferent to his safety on February 2, 2022, but did not appeal the grievance office's denial of that grievance. ECF 18 at 5-6. Specifically, Sgt. Neidlinger provides evidence showing that: (1) on February 3, 2022, McDuffy submitted Grievance 139197, complaining that Sgt. Neidlinger was deliberately indifferent to his safety on February 2; (2) on April 5, 2022, the grievance office denied Grievance 139197 on its merits; and (3) McDuffy never appealed the grievance office's denial of Grievance 139197. ECF 18-1 at 6-7; ECF 18-3 at 1; ECF 18-4 at 1, 6.

In his response, McDuffy agrees he never appealed the grievance office's denial of Grievance 139197. Instead, he argues the grievance office made his administrative remedies unavailable by failing to provide him an appeal form. Specifically, McDuffy offers his own affidavit, in which he attests to the following facts: Once McDuffy received the grievance office's Grievance Response Form denying Grievance 139197, he marked that he disagreed with the response and returned the Grievance Response Form to the grievance office, but never received an appeal form. ECF 28-1 at 3. Around May 9, 2022, McDuffy informed Deputy Warden Sciafe he had not received an appeal form from the grievance office. *Id.* at 4. Deputy Warden Sciafe e-mailed the Grievance Specialist requesting an appeal form and showed the e-mail to McDuffy, but McDuffy still never received any appeal form. *Id*. On May 17, 2022, McDuffy submitted a

3

"Request for Interview" form to the grievance office describing his efforts to obtain an appeal form and again requesting an appeal form, but never received any response. *Id.* at 3, 26.

In his reply, Sgt. Neidlinger provides a supplemental affidavit from the Grievance Specialist, who attests that he never received (1) the signed Grievance Response Form back from McDuffy, (2) any communication from Deputy Warden Sciafe regarding McDuffy's need for an appeal form, or (3) McDuffy's May 17, 2022, Request for Interview form. ECF 30-1. There are thus disputed material facts regarding whether McDuffy made efforts to obtain an appeal form from the grievance office and was ignored.

Based on the foregoing, Sgt. Neidlinger has not carried his burden of proving that McDuffy did not exhaust his administrative remedies, as genuine issues exist regarding whether the grievance office made McDuffy's administrative remedies unavailable by ignoring his requests for an appeal form. *See King*, 781 F.3d at 893; *Hill*, 817 F.3d at 1041. Specifically, genuine issues exist regarding whether McDuffy: (1) signed and returned the April 5, 2022, Grievance Response Form to the grievance office; (2) requested a grievance appeal form from Deputy Warden Sciafe around May 9, 2022; and (3) submitted a Request for Interview form to the Grievance Specialist on May 17, 2022, requesting an appeal form. If the court concludes McDuffy made efforts to request an appeal form from the grievance office and was ignored, then the grievance office made McDuffy's administrative remedies unavailable. *See Hill*, 817 F.3d at 1041.

4

Resolving these issues will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In his reply brief, Sgt. Neidlinger requests a *Pavey* hearing if the Court finds that a genuine issue of material fact exists. ECF 30 at 7. For these reasons, the summary judgment motion (ECF 17) is DENIED and this case is REFERRED to Magistrate Judge John E. Martin to conduct an evidentiary hearing and to prepare a report and recommendation.

SO ORDERED ON: July 18, 2023

/s/JON E. DEGUILIO
Judge
United States District Court