UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES DAWAYNE MCDUFFY,  ) | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | CAUSE NO.: 3:22-CV-688-JD-JEM |
| ) | |
| KNIGHLINGER,  ) | |
|     Defendant.  ) | |

**ORDER**

James Dawayne McDuffy, a prisoner without a lawyer, filed a motion for counsel [DE 50]. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

McDuffy offers no indication that he has made any effort to obtain counsel on his own. As a result, the court cannot find that he made a reasonable attempt at obtaining counsel as required by *Pruitt*. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt,* 503 F.3d at 654; *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010); *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Accordingly, the motion will be denied with leave to refile after McDuffy has sent a copy of this court's screening order to ten attorneys along with a letter requesting that they represent him. After waiting a reasonable length

of time for responses, if he then asks the court to attempt to recruit a lawyer to represent him for free, he must attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself. He needs to detail all of his education and litigation experience. Until then, McDuffy will continue to proceed with this case *pro se.*

For these reasons, the Court:

(1) **DENIES** the motion for counsel [DE 50]; and

(2) **DIRECTS** the Clerk of Court to send James Dawayne McDuffy ten copies of the screening order [DE 6].

SO ORDERED this 6th day of December, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*