UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MCDUFFY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-688-JD-JEM |
| KNIGHLINGER, | |
| Defendant. | |

## ORDER

This case was referred to Magistrate Judge John E. Martin pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b); to conduct a hearing as required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) and prepare a report and recommendation. ECF 33. In his Report and Recommendation, Magistrate Judge Martin found "that the grievance process was rendered unavailable due to the inmate's limited access to grievance appeal forms and an imperfect institutional mail system," and recommended "that this case proceed to discovery on the merits because James McDuffy did not fail to exhaust his available administrative remedies in violation of 42 U.S.C. § 1997e(a)." ECF 114 at 9.

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

> judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

However, under Federal Rule of Civil Procedure 72(b), the court must only make a de novo determination of those portions of the Magistrate Judge's report and recommendation to which specific written objections have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the court can only overturn a Magistrate Judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen (14) days of being served with a copy of the same. The Magistrate Judge alerted the parties to these requirements in his filing. ECF 114 at 9-10. That deadline has passed, and no party filed an objection.

Having reviewed that report and recommendation (ECF 114) and finding no clear error therein, the court ADOPTS it in its entirety and incorporates Magistrate Judge Martin's recommendations into this Order.

SO ORDERED on September 30, 2024

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT