UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES MCDUFFY,            )| | |
|     Plaintiff,            )| | |
|                           )| | |
| v.                        )| | CAUSE NO.: 3:22-CV-688-JEM |
|                           )| | |
| KNIGHLINGER,              )| | |
|     Defendant.            )| | |

**OPINION AND ORDER**

James McDuffy, a prisoner without a lawyer, moves the Court to reopen this case under Federal Rule of Civil Procedure 60(b). ECF 206. McDuffy also requests an evidentiary hearing regarding his motion to reopen. ECF 212, 213, 214. On July 24, 2024, the Court granted defendant's motion for summary judgment, which was unopposed because McDuffy never filed any response, after concluding the undisputed facts showed Sgt. Neidlinger took reasonable steps to respond to McDuffy's complaints regarding blood in his cell by contacting someone in the administration, ensuring Hazmat had cleaned the cell before placing McDuffy in the cell, and asking if McDuffy could receive additional cleaning supplies to help clean the cell. ECF 194 at 5-6; *see Hunter v. Mueske*, 73 F.4th 561, 566 (7th Cir. 2023) (as long as a prison official takes measures "reasonably calculated" to address the risk faced by an inmate, he cannot be held liable under § 1983, even though he ultimately failed to prevent the injury).

In his motion to reopen, McDuffy argues the judgment in favor of Sgt. Neidlinger should be reopened for two reasons. First, McDuffy argues that newly discovered evidence warrants reopening this case, as the "IDOC Bloodborne Pathogen Policy" shows that prison policy requires a contaminated cell to be cleaned before an inmate can be housed in that cell. ECF 206 at 2. But,

1

as noted above, McDuffy did not respond to Sgt. Neidlinger's summary judgment motion, and therefore left undisputed Sgt. Neidlinger's assertion that he took steps to ensure Hazmat had cleaned the cell before McDuffy was placed in the cell. *See* ECF 194 at 4-6 (accepting as undisputed that Sgt. Neidlinger "called 'someone in administration' to see if Hazmat had cleaned the cell before McDuffy's arrival" and that person "confirmed that Hazmat had cleaned the cell prior to McDuffy being housed there"). Therefore, had the Court considered the "IDOC Bloodborne Pathogen Policy" at summary judgment, it still would have concluded that Sgt. Duffy took reasonable steps to respond to McDuffy's complaints, and the outcome of this case would have remained the same. *See id.*; *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations").

Second, McDuffy argues judgment should be reopened under Rule 60(b)(3) because Sgt. Neidlinger committed fraud on the Court by falsely testifying under oath that he saw no blood in McDuffy's cell, which conflicts with other evidence in the record. ECF 206 at 2. Under Rule 60(b)(3) "a court may set aside a judgment if a party engaged in fraud, misrepresentation, or misconduct." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758 (7th Cir. 2010) (internal quotations and parentheticals omitted). Relief under Rule 60(b)(3) is "an extraordinary remedy granted only in exceptional circumstances." *Fields v. City of Chicago*, 981 F.3d 534, 558 (7th Cir. 2020) (citation omitted). A party seeking relief under that provision must demonstrate by clear and convincing evidence that he was prevented from fully and fairly presenting his case because of the fraud, misrepresentation, or misconduct of the adverse party. *Id.*

Here, Sgt. Neidlinger's alleged fraud did not prevent McDuffy from fully and fairly presenting his case, as McDuffy could have challenged the credibility of Sgt. Neidlinger's testimony by responding to his summary judgment motion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion"). Because McDuffy could have argued Sgt. Neidlinger's testimony was false by responding to his summary judgment motion, this allegation does not provide a proper basis for reopening judgment in this case.

McDuffy has not identified any valid basis to reopen the Court's judgment in favor of Sgt. Neidlinger. Accordingly, the Court **DENIES** McDuffy's motion to reopen judgment (ECF 206) and motions for evidentiary hearings (ECF 212, 213, 214).

SO ORDERED this 16th day of January, 2026.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
     Plaintiff, *pro se*