UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MCDUFFY,                )<br>         Plaintiff,         )<br>                              )<br>   v.                         )<br>                              )<br>KNIGHLINGER,                  )<br>         Defendant.           ) | CAUSE NO.: 3:22-CV-688-JEM |

**ORDER**

James McDuffy, a prisoner without a lawyer, filed a motion for leave to proceed in forma pauperis on appeal. ECF 220. McDuffy already has one appeal pending in this case. ECF 197, 199. He sought leave to proceed in forma pauperis on that appeal, too. ECF 200. In response to his earlier motion seeking leave to proceed in forma pauperis on appeal, McDuffy was told that he needed to submit his inmate trust fund ledger for the six-month period immediately preceding the filing of his notice of appeal, as required by 28 U.S.C. § 1915(a)(2). Ultimately, his request was denied in part because he did not produce the ledger. ECF 216. Thus, McDuffy knows he needs to submit a ledger along with a motion seeking leave to proceed in forma pauperis, and yet he has again failed to do so.

Furthermore, McDuffy is now appealing the Court's January 16, 2026, order (ECF 215) denying his motion to set aside the judgment and reopen this case, and the Court's January 16, 2026, order (ECF 216) denying his motion for leave to proceed in forma pauperis on appeal. ECF 218. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (describing "bad faith" as objective frivolousness). McDuffy's new notice of appeal

1

does not raise any specific challenges to the court orders that he is appealing. As noted earlier, judgment was issued in this case after McDuffy did not respond to the defendant's summary judgment motion and the defendant's assertion of facts was considered undisputed for purposes of the motion. Given the undisputed facts before the court, no reasonable jury could conclude that the defendant acted with deliberate indifference to McDuffy's welfare. McDuffy's previous motion seeking leave to proceed in forma pauperis on appeal was denied in part because, after a review of the record in this case, and for the reasons set forth more fully in the Court's orders dated July 24, 2025 (ECF 194), August 28, 2025 (ECF 202), and January 16, 2026 (ECF 215), the court found that his appeal is not taken in good faith. McDuffy's appeal of this Court's orders denying his motion to reopen and denying his earlier motion to proceed in forma pauperis on appeal fare no better. Thus, the Court certifies that this appeal is not taken in good faith and will deny the motion seeking leave to proceed in forma pauperis on appeal.

McDuffy has also filed a motion for a certificate of appealability pursuant to 20 U.S.C. § 2253. ECF 221. The provision McDuffy cites applies to habeas corpus proceedings. This is not a habeas corpus proceeding. Therefore, the motion will be denied.

For these reasons, the Court:

(1) **DENIES** McDuffy's motion for leave to proceed in forma pauperis on appeal (ECF 220) and **CERTIFIES** that McDuffy's appeal is not taken in good faith; and

(2) **DENIES** McDuffy's Motion for Certificate of Appealability (ECF 221).

SO ORDERED this 30th day of January, 2026.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record; Plaintiff, *pro se*